J-A05023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BEELEY CAKNEAL MEAD | : | |
| | : | |
| Appellant | : | No. 646 MDA 2021 |

Appeal from the PCRA Order Entered April 5, 2021
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0002044-2014

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED APRIL 01, 2022**

Beeley Cakneal Mead appeals *pro se* from the order denying his first petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely filed. 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: On July 17, 2017, Mead pled guilty to one count of criminal solicitation to commit aggravated indecent assault of a child under thirteen years of age in exchange for a negotiated sentence of five to twenty years of imprisonment. On January 5, 2018, the trial court sentenced Mead in accordance with the plea agreement. Mead did not file a post-sentence motion or a direct appeal to this Court.

---

[*] Former Justice specially assigned to the Superior Court.

On February 21, 2020, Mead filed the *pro se* PCRA petition at issue. The PCRA court appointed counsel, who filed a motion to withdraw and a no-merit "brief" pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss this petition without a hearing. Mead filed a response. By order entered April 1, 2021, the PCRA court permitted counsel to withdraw and denied Mead's petition. This timely appeal followed.[1] Both Mead and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he

---

[1] Although Mead's notice of appeal appeared to be untimely, after we issued a rule to show cause order, he submitted proof necessary under the prisoner mailbox rule. **See generally**, **Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997).

> raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

In his *pro se* brief, Mead raises twenty-one issues. ***See*** Mead's Brief at 3-6. Before addressing them, however, we must first determine whether the PCRA court was correct in its conclusions that his second PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for

the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here Mead's judgment of sentence became final on February 5, 2018, thirty days after he was sentenced and he did not file an appeal to this Court. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Mead had until February 5, 2019, to file a timely petition. Because Mead filed the petition at issue in 2020, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Mead failed to sufficiently plead and prove an exception to the PCRA's time bar. Reviewing Mead's *pro se* petition, the PCRA court issued a Rule 907 notice of its intent to dismiss it without a hearing because:

> Although [Mead] checked the boxes to attempt to invoke all three statutory exceptions, he failed to allege sufficient facts or to include appropriate witness certifications to establish them.
>
> The basis for all of the exceptions appears to be an assertion that the court, the district attorney and [Mead's] counsel failed to do any competency test on him and he failed to receive an adjustment to his sentence based on

either his or his girlfriend's cooperation against another individual.

\*\*\*

There is nothing in the record to suggest that either the court or the district attorney were aware of any issues with [Mead's] competency. [Mead] allegedly asked his attorney for a competency test, and his attorney allegedly told him that if he wasn't suicidal, he didn't need one. [Mead] also asserts that if counsel had conducted a medical background check, it would have shown that he had been diagnosed with adjustment disorder. The term "government official," however, does not include [Mead's] attorney. 42 Pa.C.S.A. [§ 9545(b)(4)]. [Mead] has also not submitted a witness certification from any medical professional to show that [he] was suffering from an adjustment disorder at the time he entered his guilty plea or sentence or that an adjustment disorder would render him unable to understand the proceedings or assist in his defense. In fact, [Mead] asking his counsel for a competency test would tend to show that he had the ability to participate or assist in his own defense. Furthermore, [Mead] was allegedly diagnosed with his adjustment disorder in 2011, several years before he was charged or pleaded guilty. [Mead] has not alleged any facts to show why he could not have asserted this claim on or before February 5, 2019.

Similarly, [Mead] should have been aware at the time of his sentencing hearing that he did not receive an adjustment to his sentence based on his girlfriend's cooperation in another case. Again, [Mead] has not alleged any facts to show why he could not have asserted this claim on or before February 5, 2019.

Rule 907 Notice, 11/23/20, at 3-4.

When issuing its Rule 907 Notice, the PCRA court informed Mead that his response "should focus on when he discovered information about his medical diagnoses and the lack of adjustment to his sentence" and why he

could not have discovered that information and filed a timely PCRA petition on any of his claims on or before February 5, 2019." *Id.* at 5.

In his response to the PCRA court's Rule 907 notice, Mead did not answer the PCRA court's questions directly, but rather blamed any delay on his limited access to the prison law library and the pandemic crisis. Mead's Response, 12/28/20, at 1. Moreover, although Mead attached to his response the definition of a "chronic adjustment disorder," the medical records which he refers do not state that he suffers from this psychiatric condition. After reviewing the records, we agree with the following comments by PCRA counsel in her *Turner/Finley* no-merit brief:

> [Mead] has provided undersigned counsel with medical records from 2011 indicating that he had been diagnosed with an adjustment disorder with depressed mood following a difficult breakup. The records did not establish a basis for determining or questioning [Mead's] competence at the time of the prosecution.

*Turner/Finley* Brief, 8/6/20, at 5. Mead does not proffer an expert report linking his 2011 diagnosis and/or a motor vehicle accident to his competency to stand trial. Finally, Mead blames his lateness in asserting his lack of a sentencing adjustment on the ineffectiveness of trial counsel. As noted by the PCRA court, trial counsel is not a "governmental official" for purposes of the PCRA's "governmental interference" time-bar exception. *See supra*.

In sum, our review of the record supports the PCRA court's conclusions that Mead's *pro se* PCRA petition is facially untimely, and he has failed to plead

and prove a time-bar exception. We therefore affirm the PCRA court's order denying Mead post-conviction relief.[2]

      Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/01/2022

_____

[2] In his nineteenth issue, Mead challenges PCRA counsel's ineffectiveness. Recently, in **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021), our Supreme Court concluded: "[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even on appeal." Unlike the instant case, **Bradley** involved a timely first PCRA petition. We do not, therefore, consider the applicability of **Bradley** to Mead's appeal. **See Commonwealth v. Gurdine**, 2022 WL 576155 (Pa. Super. 2022), non-precedential decision at *5, n.15.